## ADVERTISERS EXCHANGE, Inc., v. BAYLESS DRUG STORE, Inc.

### Civil Action No. C–2424.

District Court, D. New Jersey.

Dec. 24, 1942.

See, also, 50 F.Supp. 169.

Harry A. Ginsburg, of Atlantic City, N. J., for defendant and the motion.

Shoenholz & Shoenholz, of Newark, N. J., for plaintiff opposed.

AVIS, District Judge.

This action is based on the copyright law and alleges that defendant in advertising its business violated the rights of plaintiff under its copyright.

Plaintiff alleges it has entered in the regular way for copyright two books containing certain symbols of advertising, and alleges as to these that the notice of copyright is affixed to each pamphlet.

Defendant's motion alleges (1) because the complaint does not state a claim upon which relief can be granted, and (2) because it does not show that the amount in controversy is $3,000 exclusive of interest and costs.

■ The second complaint is apparently abandoned in brief. United States copyright matters are cognizable in a United States court, regardless of residence of parties or amount involved. See 28 U.S.C. A. § 371; 17 U.S.C.A. § 34.

■ The notice does not comply with the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c. Rule 12(b) provides that a motion may be made because of the failure of complaint to state a claim upon which relief can be granted, but Rule 7 (b) sets out that all motions must state with particularity the grounds therefor, and shall set forth the relief or order sought.

Technically this motion could be dismissed on that ground, but I think I must consider the case cited by defendant: Deward & Rich v. Bristol Savings & Loan Corporation, D.C., 34 F.Supp. 345.

■ I cannot agree with defendant's construction of the principles stated in that case as being presently applicable to the pleadings in the instant case. The plaintiff declares that it has a copyright; that it was properly issued and contains all of the necessary requisites of such a paper. The pleadings allege violation by defendant. No proof of any character has been here submitted.

The case referred to determines that if certain evidences of rights are not complied with in using the copyrighted articles the right is forfeited; that decision was after hearing and the evidence had been submitted. At present the facts here are not

clear. I cannot decide it on preliminary motion without some additional understanding of the circumstances.

The motion will be denied.